FRANCIS M. SUTTON, Appellant, v. CHARLES W. MACBRIDE, Respondent.

First Department, January 19, 1917.

Corporation — stockholder — right to financial statement — acceptance of unverified statement without objection — when fiscal officer not liable for penalty.

Where a stockholder made a demand upon the treasurer of his corporation for a financial statement of its affairs, pursuant to section 69 of the Stock Corporation Law, and before the time to make such statement as extended by the court had expired the stockholder informed the treasurer that he would be contented with a financial statement covering a shorter period of time and such statement was furnished, unverified, by the treasurer before the time limit had expired and the same was accepted by the stockholder without objection to the lack of verification, the latter defect was waived and the stockholder cannot hold the treasurer for the penalty prescribed by the statute.

As under the statute the treasurer could not be required to deliver more than one financial statement to a stockholder in any one year, a subsequent demand by the stockholder for a further verified statement according to the terms of his original demand and the treasurer's failure to comply therewith did not subject the latter to the penalty of the statute.

APPEAL by the plaintiff, Francis M. Sutton, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 5th day of January, 1916, dismissing the complaint upon the decision of the court after a trial before the court, a jury having been waived.

*Frederick H. Sanborn,* for the appellant.

*Charles Blandy,* for the respondent.

SMITH, J.:

The action was tried before the court without a jury, the jury having been waived in open court. The action is brought by the plaintiff, a stockholder of a corporation known as Arkell & Douglas, Inc., against the defendant, the treasurer of said corporation, for the penalty described in section 69 of the Stock Corporation Law (Consol. Laws, chap. 59; Laws of 1909, chap. 61), for the defendant's failure to furnish the plaintiff with a statement of its affairs under oath. The defense is that a proper statement was furnished except as to the verification, and that that was waived by the plaintiff. The trial judge found with the defendant upon both contentions, and dismissed the complaint, with costs. The appeal is from that judgment.

The plaintiff upon March 5, 1912, served a demand upon the defendant for a statement of the affairs of the company under section 69 of the Stock Corporation Law. Under the statute the defendant had thirty days within which to furnish the statement, but was authorized to apply to the court for an extension of his time therefor. He made application for an extension of time, in which application it was claimed that it was impossible to procure a statement down to December 31, 1911, within the thirty days prescribed by the statute. The court thereupon extended his time to make the statement until June fourth. Thereafter, the plaintiff wrote to the defendant a letter, of which the following is a copy:

"*April 9th,* 1912.

"MR. CHAS. W. MACBRIDE, Esq.,

Treas'r Messrs. Arkell & Douglas, Inc.,

"※ 63 Beaver Street, New York:

"DEAR SIR.— In examining your Petition and Order in the matter of my request, as a stockholder of Arkell & Douglas, Inc., for a financial statement, I notice that you state you cannot furnish the statement I have asked for until June 1st, for the reason that the accounts of your Company down to the 31st day of December, 1911, will not be completed by your accountants until that date.

"What I desire is a statement of the affairs of the Company — assets, liabilities, &c., down to May 1st, 1911, and I take it that you can furnish me with that statement at the present time without waiting until June 1st. * * *

"FRANCIS M. SUTTON."

Upon April twelfth the defendant replied to the plaintiff in part as follows:

"Dear Sir.— Your letter April 9th received, and we beg to state we hope to have within a week or ten days statement up to May 1st, 1911, and we shall then be pleased to give you the memo. which you have asked for. * * *"

An unverified statement of the condition of the company and its affairs up to May 1, 1911, was in fact furnished on the twenty-fourth day of May, eleven days before the expiration of the time to furnish the statement as extended by the court. The statement was retained, no objection was made thereto either as to its form or as to its lack of verification, and no further communication passed between the parties until July 5, 1912, at which time the plaintiff wrote to the defendant as follows:

"Dear Sir.— I duly received your favors of May 24th, enclosing balance sheet to April 30th, 1911, and also your favor of June 4th, enclosing check for dividend for year ending April 30th, 1911, for all of which I beg to thank you.

"In your petition and order in the matter of my request of March 5th — you stated 'that you could not furnish a statement of the business until June 1st, for the reason that the accounts of the Company down to December 31st, 1911, would not be completed by your accountants.' I have been patiently waiting for a full and complete statement of the business as made up by your accountants, which I have not, as yet, received up to the present moment. Please let me know when I can expect it, or for what reason it has not been sent to me."

Upon July eighth the defendant replied as follows:

"Dear Sir.— We are in receipt of your favor of July 5th, contents of which are noted and in reply would state that our auditors have not finished their work on the accounts up to Dec. 31st, 1911, and when they have done so, we will send you a proper statement."

The next step in the course of events was a formal communication dated September 5, 1912, to the defendant as treasurer of Arkell & Douglas, Inc., which read:

"SIR.— I hereby notify you that as you have neglected and refused to make and deliver to me a statement of the affairs of said corporation under oath, as requested by me in writing on March 5, 1912, pursuant to Section 69 of the Stock Corporation Law of the State of New York, I shall hold you liable for the amount provided in said Section, to be paid for neglecting and refusing to comply with the provisions thereof, to wit — the sum of Fifty Dollars, and the further sum of Ten Dollars for every twenty-four hours you have or shall neglect and refuse to furnish such statement, and I shall take such other proceedings in the premises as I shall be advised."

Upon September sixth a detailed statement was sent to the plaintiff by defendant accompanied by the following letter:

"DEAR SIR.— Having just received from the accountants who have been working on the books statement to January 1st, 1912, we beg to hand you herewith extracts from the same, giving details in accordance with previous request."

Upon September 13, 1912, the plaintiff wrote to the defendant as follows:

"SIR.— I have received your letter of September 6th, enclosing, as you say, extracts from the statement of the Accountants working on the Company's books, and I desire to call your attention to the Statute and my demand, which require that you furnish me with a statement of the affairs of the Company under oath, embracing a particular account of all its assets and liabilities.

"This you have not done, and until you do furnish me with such a statement, I desire to call your attention to the fact that you are making yourself liable for every twenty-four hours' failure to furnish such statement to the penalty prescribed by the Statute."

This action was then commenced upon September 25, 1912.

From this correspondence it appears that the original demand made by the plaintiff under section 69 of the Stock Corporation Law was by the letter of April ninth modified so as to limit the statement required to a statement of the affairs and

condition of the company upon May 1, 1911. This statement was furnished to the plaintiff, as before stated, eleven days before the time expired within which the statement might be made under the order of the court. No objection was then made either as to the completeness of the statement or as to the fact that the statement was not verified. If such an objection had been made the defendant could have verified the statement within the time allowed and have fully conformed to the requirement of the statute. In *French* v. *McMillan* (43 Hun, 188) the statute has been construed to require a statement only as to the financial condition of the company, and the statement furnished would seem to fully conform to the statement as required under the statute as thus construed. Upon July fifth the receipt of this statement was acknowledged by the plaintiff without objection thereto either in form or substance, and the trial court properly determined as to this statement that any objection thereto as to its form was waived by the plaintiff. Section 69 of the Stock Corporation Law, referred to, under which the action is brought, provides that the treasurer or such chief fiscal officer shall not be required to deliver more than one such statement in any one year. Having delivered to the plaintiff, therefore, the statement as required by him to May 1, 1911, the plaintiff was not authorized to demand another statement during that year, and the furnishing of the statement thereafter to December 31, 1911, must be deemed an act of courtesy on the part of the defendant and not a statement made under the requirement of the law. It becomes unnecessary, therefore, to consider either the sufficiency of the statement furnished upon September sixth or whether that statement should have been under oath, and the trial court, accordingly, properly determined that the defendant was not liable to the penalties for which he has been sued in this action.

The judgment should, therefore, be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, SCOTT and DOWLING, JJ., concurred.

Judgment affirmed, with costs.